UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| CURTIS HOLBROOK.                 ) |   |                              |
| Plaintiff,                       ) | Action No. 7:13-CV-114-JMH   |
| v.                               ) | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN                ) |   |                              |
| COMMISSIONER OF                  ) |   |                              |
| SOCIAL SECURITY                  ) |   |                              |
| Defendant.                       ) |   |                              |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Motion to Dismiss, or in the Alternative for Summary Judgment [DE 8] filed by Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security (the Commissioner). The time for Plaintiff Curtis Holbrook to file a response has passed. Accordingly, this matter is ripe for review. Having reviewed the record and being otherwise sufficiently advised, the Court will grant the Commissioner's Motion for the reasons that follow.

Plaintiff seeks judicial review of the denial of a claim for benefits under Titles II and XVI of the Social Security Act (the Act). However, Plaintiff failed to exhaust his administrative appeal remedies with respect to the claim for benefits and has not received a "final decision" of the

Commissioner as required to obtain judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

On January 12, 2012, Plaintiff filed applications for childhood disability benefits and supplemental security income under Titles II and XVI. [DE 8-3 at 94]. The agency denied Plaintiff's application at the initial level on November 26, 2012, and upon reconsideration on January 30, 2013. [DE 8-3 at 94—95]. The notice of the reconsideration decision informed Plaintiff that he had 60 days from the date he received the notice to request a hearing. [DE 8-3 at 105]. The regulations presume receipt five days after the date of the notice, thus Plaintiff had to request a hearing by April 5, 2013. See 20 C.F.R. §§ 404.901 416.1401.

Plaintiff submitted an untimely request for a hearing on May 30, 2013. [DE 8-3 at 110]. Plaintiff conceded the notices of both reconsideration decisions were sent to the correct address, but alleged he did not receive them. [DE 8-3 at 110]. On June 25, 2013, an administrative law judge (ALJ) issued a decision dismissing Plaintiff's request for a hearing. [DE 8-3 at 113]. The ALJ's decision [DE 8-3 at 116] noted that while a claimant may request additional time to request a hearing, he must give good reasons for why the request for a hearing could not be timely filed. See 20 C.F.R. §§ 404.911, 404.933(c), 416.1411, 416.1433(c). The ALJ acknowledged that Plaintiff

2

alleged he missed the deadline because he did not receive the reconsideration notice, but found no indication that the notice was returned as undeliverable or otherwise not received. [DE 8-3 at 116—17]. Accordingly, the ALJ determined that Plaintiff did not establish good cause for missing the deadline to request a hearing and dismissed his hearing request. [DE 8-3 at 116—17]. On July 30, 2013, Plaintiff requested Appeals Council review of the ALJ's Dismissal Order. [DE 8-3 at 118—19]. The Appeals Council denied the request for review on August 19, 2013. [DE 8-3 at 120—21]. The Appeals Council did not inform Plaintiff that of any appeal rights. [DE 8-3 at 120—21].

Judicial review is available under the act for a "final decision of the Commissioner of Social Security made after a hearing." *Weinberger v.* Salfi, 422 U.S. 749, 763 (1975); *Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (citation omitted) ("In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision."). As set forth in the regulations, a claimant must complete a four-step administrative review process to obtain a final decision capable of judicial review. *Scheweiker v. Chilicky*, 487 U.S. 412, 424 (1988). If a claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. See 20 C.F.R. §§ 404.905, 404.921, 404.955, 416.1405, 416.1421, 416.1455. Plaintiff did not complete the available

3

administrative appeal process because he failed to timely request a hearing and did not provide good cause for his failure to do so. Because his request was dismissed as untimely, Plaintiff did not receive a final decision on the merits of his claim following a hearing and this Court does not have jurisdiction to review the Commissioner's decision denying the hearing in this instance.

Although "exceptional circumstances" may justify the waiver of administrative exhaustion required under § 405 (g), Plaintiff has not set forth any such exceptional circumstances in this instance. *See Heckeler v. Ringer*, 466 U.S. 602, 618 (1984). Additionally, the regulations specifically provide that a ruling denying a request to extend a time period for seeking review is "not an initial determination" and may be subject to the administrative appeals process, but is "not subject to judicial review." 20 C.F.R. §§ 404.903(j), 416.1403(j).

Accordingly, **IT IS ORDERED** that the Commissioner's Motion to Dismiss [DE 8] is **GRANTED**.

This the 16th day of April, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge