UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| CURTIS TYLER HOLBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 7:13-cv-114-JMH |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL ) | **AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure 59(e). [D.E. 11]. The Commissioner filed a Response, [D.E. 12], and Plaintiff failed to file a timely Reply. The time for briefing having passed, and the Court being otherwise sufficiently advised, this matter is ripe for review.

**I. Procedural Background**

Plaintiff filed applications for childhood disability benefits and supplemental security income (SSI) on January 12, 2012. [D.E. 8-3 at 94-95]. These applications were denied initially and upon reconsideration. [D.E. 8-3 at 94-95]. The notice of reconsideration decision informed Plaintiff that he had 60 days from the date of receiving the notice to file a request for a hearing. [D.E. 8-3 at 105]. The notice of

reconsideration decision was issued on January 30, 2013, [D.E. 8-3 at 94-95], and Plaintiff did not file a request for a hearing until May 30, 2013. [D.E. 8-3 at 110]. Thus, the request for a hearing was untimely filed.

Plaintiff conceded that the notice of reconsideration decision was mailed to the correct address, but argues that he never received the decision. [D.E. 8-3 at 110]. The ALJ determined that Plaintiff had not shown good cause for untimely filing his request for a hearing and dismissed Plaintiff's hearing request. [D.E. 8-3 at 116-17]. Plaintiff sought review of this decision from the Appeals Council. [D.E. 8-3 at 118-19]. On August 19, 2013, the Appeals Council denied the request for review and did not inform Plaintiff of any appeal rights. [D.E. 8-3 at 120-21].

On October 18, 2013, Plaintiff filed a complaint in this Court alleging error by the Social Security Administration in handling his claim for benefits. [D.E. 1]. Defendant filed a Motion to Dismiss alleging that the Court did not have jurisdiction because, without a hearing, the agency decision was not considered final. [D.E. 8]. The Court granted Defendant's Motion when Plaintiff failed to respond. [D.E. 9]. Plaintiff now files a Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e), [D.E. 11], alleging that Plaintiff's due

process rights were violated by the Commissioner's decision to dismiss Plaintiff's request for a hearing.

**II. Standard of Review**

A motion to alter or amend a judgment under Rule 59(e) "should be granted only where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "A motion for reconsideration does not serve as an opportunity to re-argue a case," and, thus, it should not "raise arguments which could, and should, have been made before judgment issued." *Id.* (citations omitted) (internal quotation marks omitted). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)).

**III. Analysis**

Based upon the clear allegation of a constitutional violation apparent in Plaintiff's motion, the Court finds that it made a clear error of law in deciding that the Court lacked jurisdiction and that to deny Plaintiff relief would perpetuate a manifest injustice.

Defendant contends, and the Court previously held, that the Court does not have jurisdiction because the Commissioner denied Plaintiff's untimely hearing request and, therefore, did not issue a final decision. "[T]he decision to deny a hearing request or to deny a request to reopen a hearing, is made without a hearing, and is therefore unreviewable by a district court pursuant to 42 U.S.C. § 405(g), *absent a constitutional challenge*. *Suciu v. Barnhart*, 405 F. Supp. 2d. 874, 878 (M.D. Tenn. 2005) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)) (alteration in original). While it is difficult to discern from the complaint, Plaintiff's motion makes clear, for the first time, that he is making a constitutional challenge.[1] [D.E. 11 at 1]; *see Penner v. Schweiker*, 701 F.2d 256, 260-61 (3d Cir. 1983) ("Although not a model of clarity, Mr. Penner's brief alleged that he had been denied due process of law by not receiving effective notice of the Secretary's reconsideration determination."). Thus, the Court, based upon the allegations in Plaintiff's motion, finds that it made a clear error of law in

---

[1] Even though this argument was raised for the first time in Plaintiff's Rule 59(e) motion, and it takes a strained reading of the complaint to find the allegation of a due process violation, the Court is hesitant to dismiss Plaintiff's case because Plaintiff's counsel failed to perform his duties. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590-91 (6th Cir. 2001) ("[T]his Court has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney. . . . [W]e have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." (citations omitted)).

determining that it did not have jurisdiction over this action. Pursuant to *Sanders*, the Court has jurisdiction over Plaintiff's allegation that Defendant violated his due process rights by not holding a hearing.

Additionally, the Court finds it necessary to reconsider its previous decision and remand this action to prevent a manifest injustice. The situation presented here is almost identical to a case previously decided by the Third Circuit, *Penner v. Schweiker*, 701 F.2d 256, which was cited favorably by the Sixth Circuit. *See Hilmes v. Sec. of Health & Hum. Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (declaring that *Penner* was an example of the Court's ability to retain jurisdiction over a constitutional violation in an otherwise non-reviewable Social Security appeal).

First, rather than requiring the constitutional issue to be clearly stated in the complaint, the Third Circuit found the constitutional issue raised in Plaintiff's supplemental brief and Objections to the Magistrate's Report and Recommendation sufficient to retain jurisdiction. *Penner*, 701 F.2d at 260. Similarly, the Court finds that a constitutional issue was raised in Plaintiff's Motion for Relief pursuant to Rule 59(e). [D.E. 11 at 1] ("The Court's findings and the Commissioner's actions in this claim constitute a clear violation of Mr. Holbrook's due process rights. . . .").

Second, the plaintiff in *Penner* challenged that his due process rights had been violated because he was denied the right to a hearing without effective notice of the right to that hearing. *Penner*, 701 F.2d at 260. In the case at bar, Plaintiff alleges that he was not given effective notice of his right to a hearing because the decision never reached Plaintiff. Plaintiff contends he never received the notice because the Langley, Kentucky Post Office, where Plaintiff maintained a P.O. Box, was flooded, and, ultimately, closed. [D.E. 11 at 2]. Thus, the question of whether Plaintiff received effective notice remains.[2]

Defendant argues that the ALJ has already considered Plaintiff's argument on receiving effective notice and dismissed it. However, it does not appear the ALJ was made aware that the Post Office had flooded. Rather, it appears the ALJ only considered that Plaintiff claimed not to have received his mail, not Plaintiff's reason for not receiving his mail.

> In terms of extending the time to file the request, the claimant stated that he missed the deadline to request a hearing because 'the notice . . . was mailed to . . . my correct address but it was not received at all.' The claimant's mother reported that 'she has

---

[2] While not argued by Plaintiff, this case also parallels *Penner* because Plaintiff alleges that he had previously been adjudicated disabled, in part, due to a learning disability. [D.E. 11 at 1]; *Penner*, 701 F.2d at 261 ("[The Secretary should decide] whether mental incapacity prevented Mr. Penner from understanding and pursuing his administrative remedies."). However, neither party has presented evidence on which the Court can determine whether Plaintiff had previously been adjudicated disabled.

6

> trouble receiving mail.' However, there is no indication that the reconsideration determination was returned as undeliverable or was otherwise not received by the claimant or his mother.

[D.E. 8-1 at 24-25]. Thus, it does not appear that the ALJ considered the evidence of the flood or that the Post Office closed. Therefore, based upon a manifest injustice, the Court will reconsider its Order.[3]

The Court finds, with guidance from *Penner*, that Plaintiff should have an opportunity to present the evidence of good cause to the Commissioner and allow the Commissioner to reconsider her decision.

> Accordingly we will reverse the district court's order and will remand with instructions that the district court direct the Secretary to make a determination, after considering such evidence as may be presented, whether mental incapacity prevented Mr. Penner from understanding and pursuing his administrative remedies. Once such a determination is made the district court will have a sufficient record upon which to decide which relief, if any, is consonant with due process and the Secretary's regulatory scheme.

*Penner v. Schweiker*, 701 F.2d 256, 261 (3d Cir. 1983).

---

[3] While this issue is not before the Court, if Plaintiff's allegations as to previous determinations of disability are true, it appears that Plaintiff is correct the Commissioner would bear the burden of showing Plaintiff's condition had improved to the point where he was no longer disabled. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's entitled to benefits, the Commissioner is bound by this determination absent changed circumstances.").

The Court emphasizes that it is not finding Plaintiff is entitled to a hearing. At this point of the proceedings, the decision to hold a hearing remains with the Commissioner. Rather, the Court finds that Plaintiff should be given an opportunity to present his evidence to the Commissioner so that the Commissioner can adequately determine whether Plaintiff received effective notice of the reconsideration decision and whether the Post Office closing amounts to good cause for Plaintiff's untimely filing. Thus, the Court will remand this action to the Commissioner.

While the Court ultimately finds in Plaintiff's favor, the Court reminds Plaintiff's counsel that a motion pursuant to Rule 59(e) would not have been necessary if Plaintiff's counsel had simply filed a response to Defendant's Motion to Dismiss. Timeliness and respect for Court imposed deadlines is not something the Court takes lightly. Furthermore, the Court notes that when the Court entered Judgment in this matter, and it therefore became apparent to Plaintiff's counsel that he had failed to file a response on Plaintiff's behalf, Plaintiff's counsel waited almost a month to file the motion now pending before this Court. And while not required, given this procedural history, the Court finds it striking that Plaintiff's counsel would fail to file a reply in further support of the pending motion. Additionally, Plaintiff's counsel is well aware that

this is not the first time this Court has had to remind him of his obligations to comply with filing deadlines. *See*, *e.g.*, *Moore v. Comm'r of Soc. Sec.*, No. 5:13-cv-88-JMH (E.D. Ky. 2013), at [D.E. 11]. Finally, the Court notes that it is Plaintiff's burden to show good cause exists for untimely filing the request for a hearing or that Plaintiff did not receive effective notice, and, while the decision does not belong to this Court, it is likely the Commissioner will expect Plaintiff to make more than bald allegations that the Post Office was flooded and closed, as have been made here.

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Relief Under F.R.C.P. 59(e) [D.E. 11] be, and the same hereby is, **GRANTED**;

(2) that the Court's Memorandum Opinion and Order [D.E. 9] and Judgment [D.E. 10] entered April 16, 2014 be, and the same hereby are, **STRICKEN** and **HELD FOR NAUGHT**;

(3) that this matter be, and the same hereby is, **REMANDED** to the Commissioner for determination of whether Plaintiff's evidence of the Post Office in Langley, Kentucky being flooded and closed provides good cause for untimely filing his request for a hearing and whether Plaintiff received effective notice of the Commissioner's reconsideration decision.

This the 15th day of July, 2014.



Signed By:
*Joseph M. Hood*  /s/
Senior U.S. District Judge