```
                  UNITED STATES DISTRICT COURT
                   EASTERN DIVISION OF KENTUCKY
                   SOUTHERN DIVISION at PIKEVILLE


CURTIS TYLER HOLBROOK,       )
                             )
     Plaintiff,              )
v.                           )       Civil Case No.
                             )       7:13-cv-114-JMH
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )    MEMORANDUM OPINION & ORDER
Security,                    )
                             )
     Defendant.              )
```

                                 ***

This matter is before the court on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1996) ("EAJA"). [DE 19]. Defendant has responded [DE 25], and Plaintiff has replied [DE 26]. This matter is now ripe for decision.

Plaintiff filed an application seeking in $166.56 costs and $13,665.00 in attorney's fees for 91.1 hours of work at the rate of $150.00 per hour. [DE 19]. Defendant objects to the award of costs and fees, arguing that the Commissioner's position was substantially justified. Defendant further argues both the hourly rate and the number of hours expended appears excessive. Defendant requests the Court deny Plaintiff's motion, or, in the alternative, reduce the award to the statutory rate of $125.00 per hour and reduce the amount of hours allowed. 28 U.S.C. § 2412(d)(2)(A).

The EAJA instructs the Court to

> award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

28 U.S.C.A. § 2412 (emphasis added). The Supreme Court of the United States is

> of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Based on the information the defendant had at the time she undertook the defense of this case, including filing the motion to dismiss, her actions were substantially justified, or as the Supreme Court said, "justified to a degree that could satisfy a reasonable person." *Id.* The Commissioner argued the case should be dismissed because Plaintiff failed to exhaust his administrative remedies and failed to show good cause for why he

missed the administrative appeals deadline. Plaintiff did not assert in his Complaint or in response to the motion to dismiss that he had new evidence and/or could show good cause for failing to file timely his request for a hearing with the administrative law judge. In fact, Plaintiff did not respond to the motion to dismiss. Although the Court ultimately remanded the case for a decision on whether Plaintiff had good cause for his untimely filing, the Court agrees with Defendant that she was substantially justified in fact and law in filing the motion to dismiss and opposing Plaintiff's Rule 59 motion pursuant to Sixth Circuit case law. *See Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993). Similar to the case at bar, the plaintiff in *Hilmes* failed to present a sufficient argument to the Appeals Council as to why he had good cause for his untimely filing, instead offering the conclusory statement that he had good cause. *Hilmes* at 70. Because of this failure, the Sixth Circuit refused to consider the timeliness issue (which Plaintiff raised later with a detailed justification) as a constitutional one. Based on this case law, and the Commissioner was substantially justified in defending this case on similar grounds, regardless of the fact that the plaintiff ultimately prevailed on the merits of his claim.

Accordingly, for the foregoing reasons and the Court being otherwise sufficiently advised, Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act is **DENIED.**

This the 19th day of October, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge