UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| CURTIS TYLER HOLBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 7:13-cv-114-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KILOLO KIJAKAZI, | ) | **AND ORDER** |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

***

This matter is before the Court on Plaintiff Curtis Tyler Holbrook's "Motion for Relief Under Attorney Fee Pursuant to the Equal Access to Justice Act [("EAJA")], 28 U.S.C. § 2412(d)." [DE 30]. As correctly stated by the Commissioner, "Despite how Plaintiff titled this motion, Plaintiff actually seeks relief under Fed. R. Civ. P. 59(e), from this Court's October 19, 2016 [Order] denying Plaintiff's motion for attorney fees pursuant to the [EAJA]." [DE 31, at 1 (citing [DE 27; DE 30, at 1])].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2012, Plaintiff filed applications for childhood disability benefits and supplemental security income (SSI). [DE 8-3, at 2-3]. These applications were denied initially and upon reconsideration. *Id*. The notice of reconsideration decision informed Plaintiff that he had sixty (60) days from the

date of receiving the notice to file a request for a hearing. *Id*. at 13. The notice of reconsideration decision was issued on January 30, 2013, *id.* at 2-3, and Plaintiff did not file a request for a hearing until May 30, 2013, *id*. at 18. Thus, the request for a hearing was untimely filed.

Plaintiff conceded that the notice of reconsideration decision was mailed to the correct address, but he argues that he never received the decision. *Id*. The ALJ determined that Plaintiff had not shown good cause for untimely filing his request for a hearing and dismissed Plaintiff's hearing request. *Id*. at 24-25. Plaintiff sought review of this decision from the Appeals Council. *Id*. at 26-27. On August 19, 2013, the Appeals Council denied the request for review and did not inform Plaintiff of any appeal rights. *Id*. at 28-29.

On October 18, 2013, Plaintiff filed a complaint in this Court alleging error by the Social Security Administration in handling his claim for benefits. [DE 1]. Defendant filed a Motion to Dismiss [DE 8] alleging that the Court did not have jurisdiction because, without a hearing, the agency decision was not considered final. The Court granted Defendant's Motion when Plaintiff failed to respond. [DE 9]. Plaintiff then filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e) [DE 11] alleging that Plaintiff's due process rights were violated by the Commissioner's

decision to dismiss Plaintiff's request for a hearing, which the Court granted and will discuss further herein.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. through Stivers v. Ky. Dept' of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III. DISCUSSION

Previously, the Court denied Plaintiff's Motion for Attorney's Fees under the EAJA [DE 19], finding that despite Plaintiff receiving a favorable decision, "[b]ased on the information the defendant had at the time she undertook the defense of this case, including filing the motion to dismiss, her actions were substantially justified, or as the Supreme Court said,

3

'justified to a degree that could satisfy a reasonable person.'" [DE 27, at 2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))]. Now, Plaintiff asks the Court to revisit its earlier decision, but he fails to argue there is newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Instead, Plaintiff raises arguments he could have brought before the Court's decision, which the Court need not consider, and only briefly attempts to claim the Court's decision contained an error of law, which the Court will discuss below.

Plaintiff argues, "[T]he Court's citing to the [*Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993)] decision is clearly distinguishable." [DE 30, at 3]. The Court's Memorandum Opinion and Order [DE 27] stated, in pertinent part:

> Plaintiff did not assert in his Complaint or in response to the motion to dismiss that he had new evidence and/or could show good cause for failing to file timely his request for a hearing with the administrative law judge. In fact, Plaintiff did not respond to the motion to dismiss. Although the Court ultimately remanded the case for a decision on whether Plaintiff had good cause for his untimely filing, the Court agrees with Defendant that she was substantially justified in fact and law in filing the motion to dismiss and opposing Plaintiff's Rule 59 motion pursuant to Sixth Circuit case law. *See Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993). Similar to the case at bar, the plaintiff in *Hilmes* failed to present a sufficient argument to the Appeals Council as to why he had good cause for his untimely filing, instead offering the conclusory statement that he had good cause. *Hilmes* at 70. Because of this failure, the Sixth Circuit refused to consider the timeliness issue (which Plaintiff raised later with a detailed justification) as a constitutional one. Based on this case law, and the Commissioner was

4

substantially justified in defending this case on similar grounds, regardless of the fact that the plaintiff ultimately prevailed on the merits of his claim.

[DE 27, at 3]. When requesting a hearing by an Administrative Law Judge, Plaintiff provided the following information to explain why his request for appeal was late:

> THE NOTICE WAS MAILED TO PO BOX 171 LANGLEY KY 41645 WHICH WAS MY CORRECT ADDRESS BUT IT WAS NOT RECEIVED AT ALL. MY MOTHER NORMA SAMMONS CALLED THE PRESTONSBURG SOCIAL SECURITY OFFICE AND WAS TOLD IT WAS DENIED. SHE SPOKE WITH A MAN AND REQUESTED THE APPEAL FORMS TO BE MAILED FOR COMPLETION AND HE DID EXPLAIN FOR A STATEMENT TO BE SENT ALONG WITH IT ON WHY THE APPEAL WAS LATE. THEN I DIDN'T RECEIVE THE FORMS. SHE CALLED THE OFFICE AGAIN ON TUESDAY MAY 28 2013 AND WAS TOLD TO COME IN TODAY. I INSIST ON FILING THIS APPEAL ON MY DISABILITY.

[DE 8-3, at 18].

In his present Motion [DE 30], Plaintiff argues the following:

> Plaintiff's mother statement for delayed request for hearing here was not conclusory but stated with specificity of why she did not receive the SSA's Reconsideration Denial Notice , and the fact that the local SSA further delayed that hearing request by remailing that Notice after being made aware of the *mail issue* only further undercuts any claim the Commissioner's/ALJ's refusal to give good cause under 20 C.F.R.§ 404.911 (7) was clearly arbitrary and unjustified.

[DE 30, at 3 (emphasis added)]. Plaintiff's explanation for why his request for appeal was untimely merely states that Plaintiff did not receive the notice or appeals forms despite them being mailed to the correct address.

5

The "mail issue" Plaintiff references is rather ambiguous. *See* [DE 30, at 3]. Plaintiff could be referring to him not receiving the first notice and the SSA mailing more forms to him at the same address. However, Plaintiff asserted that was his correct address and that his mother requested for the appeal forms to be mailed to her.

Plaintiff could also be arguing that the SSA was aware of his local post office being flooded, resulting in him not receiving mail at his PO Box, but the earliest mention of the flood causing Plaintiff to not receive his mail at that address was in Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e) [DE 11], which asked the Court to set aside its Memorandum Opinion and Order [DE 9] dismissing Plaintiff's case due to his failure to complete the available administrative appeal process. The Court graciously remanded this matter, so Plaintiff could be given an opportunity to show good cause for his untimely filing. [DE 13]. However, in reaching that decision, the Court noted that Plaintiff had the burden to show good cause existed for the untimely filing or that he did not receive notice and that "while the decision does not belong to this Court, it is likely the Commissioner will expect Plaintiff to make more than bald allegations that the Post Office was flood and closed, as have been made here." *Id*. at 9. For the foregoing reasons, the Court will not find there was a clear error of law, as the reasons

Plaintiff provided for his untimeliness were conclusory statements regarding his alleged failure to receive the notice and forms sent to him by the SSA that failed to show good cause, and will, therefore, deny Plaintiff's present Motion [DE 30]. Accordingly,

    **IT IS ORDERED** that Plaintiff Curtis Tyler Holbrook's "Motion for Relief Under Attorney Fee Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)" is **DENIED**.

    This 10th day of August, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge